FILED
2012 Nov-08 AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DWIGHT A. CLARK, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2:12-CV-239-VEH |
| **BOBBIE N. HILL, LARRY GAGE,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction and Procedural History

Pending before the court is Plaintiffs' Application for Default Judgment (Doc. 52) (the "Motion") filed against Defendant Kevin J. Tallant ("Mr. Tallant"), as the Temporary Administrator of the Estate of William H. Clark, on October 3, 2012, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Also pending is the Motion for Consent Judgment (Doc. 59) (the "Motion for Consent") relating to Plaintiffs' claim against Mr. Tallant filed on November 7, 2012.

On September 20, 2012, Plaintiffs obtained an entry of default from the clerk of the court against Mr. Tallant pursuant to Rule 55(a), due to his failure to answer or otherwise respond to Plaintiffs' complaint after being duly served on August 17,

2012.  (Docs. 43, 50).

On October 18, 2012, the court entered a show cause order (Doc. 55) on the Motion.  Mr. Tallant's deadline to respond to the show cause order ran on November 7, 2012, and nothing has been filed.

## II.    Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  However, entry of default under Rule 55(a) does not entitle a party to his requested relief.  Either the clerk or the court must enter a default judgment under Rule 55(b).  Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1]  The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007)

(emphasis added).

### III. Analysis

Upon studying the Motion, the court finds that the relief sought by Plaintiffs against Mr. Tallant is premature and is, therefore, due to be denied without prejudice to a subsequent refiling at a later date, if appropriate. In particular, the relief requested against Mr. Tallant is the imposition of "a constructive trust on assets in the hands of the Administrator that might otherwise pass to Hill or Gage due to the fraud practiced upon them by the execution of the 2008 will and by way of any other gift directed to Hill or Gage that may be in the Administrator's hands." (Doc. 52 ¶ 14). Further, this relief related to Mr. Tallant is premised upon the assumption that "any gifts to Hill or Gage [were] in violation of the 1992 contract [and] are void." (*Id.*).

Unlike Mr. Tallant (who Plaintiffs have characterized as "a nominal defendant only" (Doc. 52 ¶ 17), Defendants Bobby N. Hill ("Mr. Hill") and Larry Gage ("Mr. Gage") are actively defending this lawsuit. Relatedly, the court (or a jury) has not yet determined if either Mr. Hill or Mr. Gage has engaged in any misconduct which might warrant the imposition of a constructive trust.

Therefore, the relief sought by Plaintiffs against Mr. Tallant is not currently (and, depending upon the outcome of the underlying claims asserted against Mr. Hill and Mr. Gage, may never actually become) constitutionally ripe. *See, e.g., Konikov*

*v. Orange County*, 410 F.3d 1317, 1322 (11th Cir. 2002) ("This inquiry into ripeness ensures that the plaintiff has suffered a sufficient injury to meet Article III's case or controversy requirement; it also permits us to determine 'whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.'") (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995)); *see also* U.S. Const. art. III, § 2.

### IV.  Conclusion

Accordingly, for ripeness reasons, the court lacks subject matter jurisdiction to enter an order imposing a constructive trust against Mr. Tallant, and, as a result, the Motion is **DENIED WITHOUT PREJUDICE**.  Additionally, the Motion for Consent is **DENIED WITHOUT PREJUDICE** based upon the same jurisdictional constitutional concerns.

**DONE** and **ORDERED** this the 8th day of November, 2012.

                                                                     _____
                                                                     **VIRGINIA EMERSON HOPKINS**
                                                                     United States District Judge