FILED
2013 Dec-11  AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DWIGHT A. CLARK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 2:12-CV-239-VEH** |
| | ) |
| BOBBIE N. HILL, LARRY GAGE | ) |
| and JOSHUA D. RAND, et al., | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

This lawsuit, initiated in the Circuit Court of Jefferson County, Alabama, on December 13, 2011 (Doc. 1 ¶ 1), arises out of "a dispute over the ownership of certain funds maintained in a certain bank account following the maturity of a certificate of deposit and a subsequent interpleader action." (Doc. 1 ¶ 2). The three plaintiffs in this action are Dwight A. Clark, William Randy Clark, and Theresa Michele Clark. Defendants Bobbie N. Hill ("Mr. Hill") and Larry Gage ("Mr. Gage") removed the action to this court on January 23, 2012, on the basis of diversity jurisdiction. (*Id.* ¶ 10). Two other defendants in the case are Joshua Rand ("Mr. Rand") and Kevin J. Tallant ("Mr. Tallant"), in his capacity as the temporary administrator of the estate

of William H. Clark.

Plaintiffs' amended pleading (Doc. 27) contains twelve counts:  count I is for unlawful deprivation of personalty asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count II is for wanton deprivation of property asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count III is for conversion asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count IV is for wanton conversion asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count V is for tortious interference with contract asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VI is for wanton  interference with contract asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VII is for tortious interference with expectancy asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VIII is for wantonness interference with expectancy asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count IX is for negligence asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count X is for wantonness asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count XI is for breach of contract/constructive trust asserted by Mr. Clark, Keith Clark, Randy Clark, and Michelle Clark against Mr. Hill and Mr. Gage; and count XII is for a declaratory judgment asserted by Mr. Clark, Keith Clark, Randy Clark, and Michelle Clark against Mr. Tallant.  (Doc. 27 at 12-47).

2

Pending before the court are the following eight motions: (1) Motion To Prohibit Expert From Testifying and To Prohibit Use of Expert Report (Doc. 70) ("Plaintiffs' Motion To Prohibit Expert") filed by Plaintiffs on March 22, 2013; (2) Motion for Summary Judgment (Doc. 78) ("Hill and Gage's Rule 56 Motion") filed by Mr. Hill and Mr. Gage on May 1, 2013; (3) Motion for Summary Judgment (Doc. 82) ("Rand's Rule 56 Motion") filed by Mr. Rand on May 1, 2013; (4) Motion for Partial Summary Judgment (Doc. 87) ("Plaintiffs' Partial Rule 56 Motion") filed by Plaintiffs on May 1, 2013; (5) Motion To Strike (Doc. 104) ("Hill and Gage's Strike Motion") filed by Mr. Hill and Mr. Gage on July 1, 2013; (6) Motion To Withdraw Footnote Contained in His Opposition to Motion To Prohibit Expert Testimony (Doc. 110) ("Rand's Motion To Withdraw Footnote") filed by Mr. Rand on July 9, 2013; (7) Second Motion To Strike (Doc. 115) ("Hill and Gage's Second Strike Motion") filed by Mr. Hill and Mr. Gage on July 29, 2013; and (8) Second Motion for Leave To Amend Complaint (Doc. 123) ("Second Motion for Leave") filed by Plaintiff Dwight Clark on September 3, 2013.

Each one of these motions has been briefed by the parties, and the court has studied all the applicable materials. This memorandum opinion and order only addresses pending motions (1) through (7).  In a separate memorandum opinion and order, the court deals with the Second Motion for Leave filed by Plaintiff Dwight

Clark.  For the reasons explained below, (1) Plaintiffs' Motion To Prohibit Expert is

**GRANTED**; (2) Rand's Motion To Withdraw Footnote is **TERMED** as **MOOT**; (3)

Hill and Gage's Rule 56 Motion, Rand's Rule 56 Motion, and Plaintiffs' Partial Rule

56 Motion are **DENIED**; and (4)  Hill and Gage's Strike Motion and Second Strike

Motion are **TERMED** as **MOOT**.

## II.   STANDARDS

### A.   Evidentiary Rulings Generally

"All evidentiary decisions are reviewed under an abuse-of-discretion standard."

*See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).  "An abuse of

discretion can occur where the district court applies the wrong law, follows the wrong

procedure, bases its decision on clearly erroneous facts, or commits a clear error in

judgment."  *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing

*United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect

evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial
> on the basis of what it describes as a number of erroneous evidentiary
> rulings by the district court.  Evidentiary rulings are also reviewed under
> an abuse of discretion standard.  *Finch v. City of Vernon*, 877 F.2d 1497,
> 1504 (11th Cir. 1989).  Moreover, even if Auto-Owners can show that
> certain errors were committed, the errors must have affected "substantial
> rights" in order to provide the basis for a new trial. *See* Fed. R. Evid.

> 103(a).  "Error in the admission or exclusion of evidence is harmless if
> it does not affect the substantial rights of the parties."  *Perry*, 734 F.2d
> at 1446.  *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319
> (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993).  Therefore,

even the existence of many evidentiary errors does not guarantee the party appealing

a new trial.  Instead, such erroneous rulings by a district court must "affect the

substantial rights of the parties" for reversible error to occur.

### B.   Rulings Regarding Experts Specifically

Rule 702 of the Federal Rules of Evidence allows expert testimony when (1)

the witness is qualified as an expert; and (2) his expertise "will assist the trier of fact

to understand the evidence or to determine a fact in issue . . . ."  Fed. R. Evid. 702.

More specifically, Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the
> trier of fact to understand the evidence or to determine a fact in issue, a
> witness qualified as an expert by knowledge, skill, experience, training,
> or education, may testify thereto in the form of an opinion or otherwise,
> if (1) the testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods, and (3) the
> witness has applied the principles and methods reliably to the facts of
> the case.

Fed. R. Evid 702.  Rule 702 must be read in conjunction with three (3) seminal

decisions by the Supreme Court of the United States related to expert testimony:

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Joiner, supra*;

and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Additionally, all rulings on *Daubert* motions are reviewed under an abuse of discretion standard. *See, e.g., Joiner*, 522 U.S. at 141 ("All evidentiary decisions are reviewed under an abuse-of-discretion standard."). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Concerning the issue of whether to hold a *Daubert* hearing, the Eleventh Circuit has explained:[1]

> In this case, after the government moved to exclude Tressel's testimony, the district court assessed the reliability of his opinions by conducting a thorough *Daubert* hearing in which Tressel was asked, repeatedly, what the bases for his opinions were. While some expert testimony will be so clearly admissible that a district court need not conduct a *Daubert* hearing in every case, *see Kumho Tire*, 526 U.S. at 150-52, 119 S. Ct. at 1175-76, in this case, the district court's decision to evaluate the admissibility of Tressel's opinions in the context of a pre-trial hearing was a perfectly reasonable one. Moreover, Frazier has not attacked the timing or conduct of the *Daubert* hearing. And the record amply establishes that Frazier was afforded every opportunity at the hearing to adduce the foundations of Tressel's challenged opinions. The district court did not abuse its discretion when it conducted a *Daubert* hearing.

*United States v. Frazier*, 387 F.3d 1244, 1264 (11th Cir. 2004). Relatedly, the

---

[1] No party has requested a *Daubert* hearing in this instance.

Eleventh Circuit "also review[s] a trial court's decision on whether to hold a *Daubert* hearing for abuse of discretion." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe* 402 F.3d 1092, 1113 (11th Cir. 2005).

Finally, the burden under Rule 702 rests squarely with the proponent of the expert witness:

> The proponent of the expert testimony carries a substantial burden under Rule 702. "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir.1999) (citing *Daubert*, 509 U.S. at 592 n. 10, 113 S. Ct. 2786). Thus, the proponent must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact. *See, e.g., Frazier*, 387 F.3d at 1260 ("The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion...."); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir.2002); *Maiz*, 253 F.3d at 664.

*See Cook*, 402 F.3d at 1107.

## C.    Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R . Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Although there are cross-motions for summary judgment, each side must still establish the lack of genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Chambers & Co. v. Equitable Life Assur. Soc. of the U.S.*, 224 F.2d 338, 345 (5th Cir. 1955) ("Both parties filed and argued motions for summary judgment, but this does not warrant the granting of either motion if the record reflects a genuine issue of fact.").[2] The court will consider each motion independently, and in accordance with the Rule 56 standard. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655  (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion."). "The fact that both parties simultaneously are arguing that there is no genuine issue of fact, however, does not

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit."  Wright, Miller & Kane, Fed. Practice & Proc. § 2720, at 327-28 (3d ed. 1998).

## III.   ANALYSIS

### A.   Plaintiffs' Motion To Prohibit Expert

Plaintiffs' Motion To Prohibit Expert seeks to prohibit Mr. Rand's "alleged [legal] expert, Andrew P. Campbell [("Mr. Campbell")], from testifying by affidavit or in any other manner in support of any motion for summary judgment or at trial and [to preclude] the use of Mr. Campbell's so-called expert report for any purpose." (Doc. 70 at 1).  Plaintiffs offer a host of reasons why Mr. Rand should not be permitted to rely upon Mr. Campbell as an expert, including the incomplete and procedurally deficient format of his expert report in contravention of Rule 26(a)'s unambiguous requirements and the overreaching nature of his testimony as an impermissible invasion into "the province of the Court."  (Doc. 70 at 19); *see United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) ("[C]ourts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law." (citing *Huff v. United States*, 273 F.2d 56 (5th Cir. 1959))).

Having considered both sides' positions, the court finds that, as the proponent

of the expert witness, because Mr. Rand has met neither his procedural nor his substantive burden behind relying upon Mr. Campbell, Plaintiffs' Motion To Prohibit Expert is due to be granted.  For example, Mr. Rand acknowledges his failure to comply with Rule 26(a) by attempting to remedy some of the expert report deficiencies through an imbedded request to supplement Mr. Campbell's admittedly inadequate report.  (*See* Doc. 81 at 8 ("Rand respectfully requests the Court permit Mr. Campbell to supplement his Report to include Exhibit A, containing a list of publications and a statement of total compensation.")).

As the Eleventh Circuit has explained, imbedding a request for relief into a brief ineffectively presents an issue for the court to address:

> When the shareholders requested leave to amend their complaint in a footnote to their brief in opposition to the defendants' motion to dismiss, it was within the discretion of the district court to deny that request *sub silentio*.  *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir.2006).  "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999).

*Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009).  Therefore, consistent with *Rosenberg*, Mr. Rand's belated attempt to reconstitute Mr. Campbell's expert report in opposition to Plaintiffs' Motion To Prohibit Expert is due to be denied.  *Cf. Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A

plaintiff may not amend her complaint through argument in a brief opposing summary judgment. " (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996))).

Another problem with Mr. Rand's attempt to amend Mr. Campbell's expert report is that the deadline for him to provide a complete expert report ran on October 3, 2012, under the applicable scheduling order and yet his imbedded request was not made until May 1, 2013. (*See* Doc. 48 at 1 ("Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from defendants by **October 3, 2012**.")).  Because his expert deadline has passed, Mr. Rand must either satisfy the court that he has met Rule 16's good cause standard or alternatively persuade the court why meeting that standard is unnecessary in this instance, and here he has done neither.  *See* Fed. R. Civ. P. 16(b)(4) ("***Modifying a Schedule.***  A schedule may be modified only for good cause and with the judge's consent.")); *cf. Sosa v. Airprint Systems, Inc.*,133 F.3d 1417, 1419 (11th Cir. 1998) ("However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992))).

The court also finds that Mr. Rand has not substantively satisfied the

helpfulness prong of Rule 702. Regarding this component of the court's gate-keeping

function, Mr. Rand contends:

### 3.    Mr. Campbell's Testimony Will Assist the Jury

Alabama law requires a plaintiff to present expert testimony to establish breach of the standard of care by an attorney, unless the breach is so apparent as to be understood in the common knowledge of a layperson. *Wachovia Bank, N.A. v. Jones, Morrison & Womack, P.C.*, 42 So. 3d 667, 681 (Ala. 2009); *compare Guyton v. Hunt*, 61 So. 3d 1085, 1090 (Ala. Ct. Civ. App. 2010) (failing to inform client of ruling in time to appeal is within common knowledge of a layperson); *with Ballard v. Sanders*, Case No. 95-0117-CB, 1996 U.S. Dist. LEXIS 5003, *4-8 (S.D. Ala. Apr. 15, 1996) (attorney's obligation to continue representation despite the client having associated counsel is beyond the common knowledge of a layperson). Moreover, summary judgment in favor of a defendant attorney is warranted where a plaintiff is required to present expert testimony and fails to do so. *See Ballard*, 1996 U.S. Dist. LEXIS 5003 at *7-8; *see also Peoples v. Nassaney*, 638 So. 2d 879, 879-880 (Ala. 1994).

Dwight Clark's Amended Complaint states claims for negligence and wantonness. The allegations are aimed squarely at Rand's conduct in his role as an attorney engaged in the representation of his clients. As set forth in Mr. Campbell's Report, whether Rand's professional conduct deviated from the standard of care involves an understanding of professional responsibilities and established litigation practices under the Alabama and Federal Rules of Civil Procedure. (*See* Doc. 70-2, pp. 3-4). Such knowledge is beyond the understanding of the average lay juror. Mr. Campbell's testimony is necessary, and thus relevant, to Clark's negligence and wantonness claims.

Dwight Clark's attempt to narrowly define this case as "the conversion case" completely ignores his claims against Rand for negligence and wantonness stemming from Rand's conduct as attorney for Hill and Gage. (Doc. 70 ¶ 4). His contention in paragraph seven of

his motion that Campbell's testimony is "not material, or even relevant, to any matter at issue in this case,"is not consistent with the allegations of his Amended Complaint or the Rule 702 framework.  Under Rule 702, "the testimony is relevant in that it assists the trier of fact, through the application of . . .  specialized expertise, to understand the evidence and to determine a fact in issue."  *United States v. Frazier*, 387 F.3d at 1260.  Moreover, "Rule 702 favors admissibility if the testimony will assist the trier of fact … and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark by & Through Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (citation and internal quotation omitted).

Mr. Campbell's testimony will allow the jury to weigh the reasonableness of Rand's actions. His testimony is helpful and admissible.

(Doc. 81 at 16-17).

Thus, Mr. Rand contends that, even though Plaintiffs have not asserted a legal malpractice claim against him under the Alabama Legal Services Liability Act ("ALSLA"), Mr. Campbell's testimony relating to the appropriate legal standard of care owed by Mr. Rand to his clients will, nonetheless, be helpful to the jury.  The court concludes, to the contrary, that if Mr. Campbell is permitted to testify, he will actually unnecessarily cause confusion for the jury because this lawsuit does not involve any claim for legal malpractice.

Further, in suggesting his dubious position, Mr. Rand fails to refer to any authority in which an expert witness was permitted, much less required, to testify about the applicable legal standard in the context of non-legal malpractice claims

13

alleged against a lawyer, such as negligence caused to a non-client and conversion. Finally, the Supreme Court of Alabama and the Alabama Court of Civil Appeals have both determined that tort claims may, under certain circumstances, lie against attorney defendants outside of the ALSLA. *See Smith v. Math*, 984 So. 2d 1179, 1188 (Ala. Civ. App. 2007) ("The plaintiffs in *Fogarty*, like Smith, asserted tort claims against the defendant attorneys for actions they took during their representation of a third party." (citing *Fogarty v. Parker, Poe, Adams, & Bernstein, L.L.P.*, 961 So. 2d 784 (Ala. 2006), *as modified on denial of rehearing* (Jan. 12, 2007))); *Smith*, 984 So. 2d at 1188 ("Therefore, based on the supreme court's decision in *Fogarty*, *supra*, we must hold that the ALSLA did not apply to Smith's claims.").

Therefore, because Mr. Rand has not satisfied Rule 702's helpfulness prong, Plaintiffs' Motion To Prohibit Expert is due to be granted for this alternative reason.

## B.   Rand's Motion To Withdraw Footnote

Mr. Rand filed his Motion To Withdraw Footnote in response to a request for sanctions that was improperly imbedded by Plaintiffs in a reply offered in support of their Motion To Prohibit Expert. (Doc. 100 at 1-2). For the same reasoning that this court found Mr. Rand's imbedded request to amend his expert report to be ineffective, the court similarly concludes that Plaintiffs' request for sanctions is not properly before it. Accordingly, Rand's Motion To Withdraw Footnote is **TERMED** as

14

**MOOT**.

Alternatively, because the court's decision to prohibit Mr. Campbell from testifying as an expert on behalf of Mr. Rand is unaffected by the contents of the footnote that Mr. Rand seeks to withdraw, his Motion To Withdraw Footnote is **TERMED** as **MOOT** for this additional reason.

### C.   Summary Judgment and Remaining Evidentiary Rulings

Having studied the record extensively, the court determines that, regardless of the validity *vel non* of the two remaining evidentiary motions, material factual disputes preclude the entry of summary judgment in favor any party. Accordingly, Hill and Gage's Rule 56 Motion, Rand's Rule 56 Motion, and Plaintiffs' Partial Rule 56 Motion[3] are all **DENIED**. Further, Hill and Gage's Strike Motion and Second

---

[3] Plaintiffs' Partial Rule 56 Motion asks this court to order declaratory relief against Mr. Tallant, as a nominal defendant, consistent with count XII of Plaintiffs' amended complaint. The court notes that it has previously denied, as premature, Plaintiffs' comparable efforts to obtain a default judgment against Mr. Tallant in their favor. As the court explained:

> Therefore, the relief sought by Plaintiffs against Mr. Tallant is not currently (and, depending upon the outcome of the underlying claims asserted against Mr. Hill and Mr. Gage, may never actually become) constitutionally ripe. *See, e.g., Konikov v. Orange County*, 410 F.3d 1317, 1322 (11th Cir. 2002) ("This inquiry into ripeness ensures that the plaintiff has suffered a sufficient injury to meet Article III's case or controversy requirement; it also permits us to determine 'whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.'") (quoting *Cheffer v. Reno*, 55 F.3d 1517,1524 (11th Cir. 1995)); *see also* U.S. Const. art. III, § 2.

(Doc. 60 at 4-5). This same jurisdictional deficiency similarly precludes any entry of summary judgment in favor of Plaintiffs and against Mr. Tallant until the underlying liability of Mr. Hill and

Strike Motion are **TERMED** as **MOOT**.

IV.    **CONCLUSION**

Therefore, as analyzed above, (1) Plaintiffs' Motion To Prohibit Expert is

**GRANTED**; (2) Rand's Motion To Withdraw Footnote is **TERMED** as **MOOT**; (3)

Hill and Gage's Rule 56 Motion, Rand's Rule 56 Motion, and Plaintiffs' Partial Rule

56 Motion are all **DENIED**; and (4) Hill and Gage's Strike Motion and Second Strike

Motion are **TERMED** as **MOOT**.

Finally, this court, by separate orders, will address the Second Motion for

Leave and will set this case for a final pretrial conference.

**DONE** and **ORDERED** this the 11th day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

Mr. Gage has been fully determined.

16