# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DWIGHT A. CLARK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:12-CV-239-VEH |
| | ) |
| **BOBBIE N. HILL, LARRY GAGE** | ) |
| **and JOSHUA D. RAND, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This lawsuit, initiated in the Circuit Court of Jefferson County, Alabama, on December 13, 2011 (Doc. 1 ¶ 1), arises out of "a dispute over the ownership of certain funds maintained in a certain bank account following the maturity of a certificate of deposit and a subsequent interpleader action." (Doc. 1 ¶ 2). The three plaintiffs in this action are Dwight A. Clark, William Randy Clark, and Theresa Michele Clark. Defendants Bobbie N. Hill ("Mr. Hill") and Larry Gage ("Mr. Gage") removed the action to this court on January 23, 2012, on the basis of diversity jurisdiction. (*Id.* ¶ 10). Two other defendants in the case are Joshua Rand ("Mr. Rand") and Kevin J. Tallant ("Mr. Tallant"), in his capacity as the temporary administrator of the estate

of William H. Clark.

Plaintiffs' amended pleading (Doc. 27) contains twelve counts:  count I is for unlawful deprivation of personalty asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count II is for wanton deprivation of property asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count III is for conversion asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count IV is for wanton conversion asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count V is for tortious interference with contract asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VI is for wanton interference with contract asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VII is for tortious interference with expectancy asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count VIII is for wantonness interference with expectancy asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count IX is for negligence asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count X is for wantonness asserted by Mr. Clark only against Mr. Hill, Mr. Gage, and Mr. Rand; count XI is for breach of contract/constructive trust asserted by Mr. Clark, Keith Clark, Randy Clark, and Michelle Clark against Mr. Hill and Mr. Gage; and count XII is for a declaratory judgment asserted by Mr. Clark, Keith Clark, Randy Clark, and Michelle Clark against Mr. Tallant.  (Doc. 27 at 12-47).

Pending before the court is a Second Motion for Leave To Amend Complaint (Doc. 123) ("Second Motion for Leave") filed by Plaintiff Dwight Clark on September 3, 2013.[1] The Second Motion for Leave has been fully briefed (Docs. 124, 125) and for the reasons explained below is **DENIED**.

## II.  STANDARDS

Plaintiff Dwight Clark filed the Second Motion for Leave nearly 16 months after the elapse of the deadline to amend pleadings which, under the applicable scheduling order, ran on May 15, 2012.  (Doc. 14 at 2-3 ("Plaintiff may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **May 15, 2012**.")).  Therefore, two standards apply to his amendment request.  *See, e.g., Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether

---

[1] By a separate memorandum opinion and order, the court addresses the seven other pending motions filed by the parties:  (1) Motion To Prohibit Expert From Testifying and To Prohibit Use of Expert Report (Doc. 70) ("Plaintiffs' Motion To Prohibit Expert") filed by Plaintiffs on March 22, 2013; (2) Motion for Summary Judgment (Doc. 78) ("Hill and Gage's Rule 56 Motion") filed by Mr. Hill and Mr. Gage on May 1, 2013; (3) Motion for Summary Judgment (Doc. 82) ("Rand's Rule 56 Motion") filed by Mr. Rand on May 1, 2013; (4) Motion for Partial Summary Judgment (Doc. 87) ("Plaintiffs' Partial Rule 56 Motion") filed by Plaintiffs on May 1, 2013; (5) Motion To Strike (Doc. 104) ("Hill and Gage's Strike Motion") filed by Mr. Hill and Mr. Gage on July 1, 2013; (6) Motion To Withdraw Footnote Contained in His Opposition to Motion To Prohibit Expert Testimony (Doc. 110) ("Rand's Motion To Withdraw Footnote") filed by Mr. Rand on July 9, 2013; and (7) Second Motion To Strike (Doc. 115) ("Hill and Gage's Second Strike Motion") filed by Mr. Hill and Mr. Gage on July 29, 2013.

amendment is proper under Rule 15(a).

### A.     Rule 16(b)

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

### B.     Rule 15(a)

Rule 15(a) governs amendments sought before trial and in relevant part provides:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

Obtaining leave under Rule 15(a)(2) is not without restraints. Leave should be denied "in the presence of countervailing factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263-64 (11th Cir. 2004) ("Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when

such amendment would be futile.").

## III. ANALYSIS

The Second Motion for Leave seeks to add claims for the unauthorized practice of law against Mr. Rand. As proposed by Plaintiff Dwight Clark, count XIII would be a claim for the unauthorized practice of law and count XIV would be for the wanton unauthorized practice of law. (Doc. 123-2 ¶¶ 78-87).

Assuming without deciding that Plaintiff Dwight Clark is able to meet Rule 16(b)'s good cause standard even though he waited nearly 8 months after Mr. Rand's deposition (which occurred on January 10, 2013) (Doc. 123 ¶ 4) to file his Second Motion for Leave, the court, in its discretion, nonetheless denies the request to amend on the grounds of undue delay and undue prejudice under Rule 15(a).

More particularly, as discovery has closed and the deadline for filing dispositive motions has passed, the court concludes that allowing such a late addition of this claim[2] would be unfairly prejudicial to Mr. Rand. *See, e.g., Hinson v. Clinch County, Georgia Bd. of Educ.*, 231 F.3d 821, 826 (11th Cir. 2000) (affirming district court's decision to deny motion to amend complaint filed after "discovery was closed

---

[2] While Alabama law does recognize a private cause of action for the unauthorized practice of law, *see, e.g., Fogarty v. Parker, Poe, Adams and Bernstein, L.L.P.*, 961 So. 2d 784, 791 (Ala. 2006) ("[T]he *Armstrong* decision, which recognizes a private cause of action for the unauthorized practice of law, is consistent with Alabama caselaw that recognizes a private cause of action for a criminal act that results in injury."), the ability of an alleged injured third party, such as Plaintiff Dwight Clark, to assert such a claim under the circumstances of this case is far from straightforward.

5

and dispositive motions had been filed"); *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) ("Because the period for discovery had expired, granting the motion would have caused the defendants undue prejudice, as they would not have been able to conduct further discovery with respect to the claim the proposed amendment asserted." (citing *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002))).

Additionally, the court finds that Plaintiff Dwight Clark will not be unduly prejudiced by disallowing his proposed claims because they are subsumed by his count for negligence which has been pled against Mr. Rand and which claim will be tried to a jury. Accordingly, "in the exercise of its inherent power to manage the conduct of the litigation before it," *Reese*, 527 F.3d at 1263, the Second Motion for Leave is **DENIED**.

### IV. CONCLUSION

Therefore, as analyzed above, the Second Motion for Leave is **DENIED**.

**DONE** and **ORDERED** this the 11th day of December, 2013.

                                                      **VIRGINIA EMERSON HOPKINS**
                                                      United States District Judge